KIPP, Respondent, v. MOODY COUNTY BANK, et al, Appellants.

(260 N. W. 402.)

(Files Nos. 7747-7753. Opinion filed May 4, 1935.)

*Clair Roddewig,* Special Counsel for Department of Banking and Finance, of Pierre, *Wm. A. Marble* and *Rice & Rice,* all of Flandreau, for Appellants.

*Edwin L. Brown,* of Flandreau, for Respondent.

POLLEY, J. This action was brought for the recovery of some $1,900 that plaintiff claims to have been converted by defendants, and the appeal is from an order overruling defendants' demurrer to plaintiff's amended complaint.

Defendant, Moody County Bank, suspended business and was taken over for liquidation by the superintendent of banks on the 22d day of May, 1926. At the time of such suspension the plaintiff was indebted to said bank on certain notes in the sum of $1,922.11. These notes were secured by the pledge of a certain note in the sum of $3,000, executed by one Herman Schultz and payable to plaintiff. Upon the suspension of the bank, plaintiff's notes and the Schultz note passed into the hands of the superintendent of banks.

On the 17th day of January, 1924, one Flitch secured a judgment against plaintiff in the sum of more than $6,000, all of which sum was still unpaid on the 26th day of June, 1927. On said last-named date, Flitch caused the issuance of an execution on said judgment, and also caused a garnishee summons to be served on the superintendent of banks. Such superintendent answered said garnishee summons, disclosing the facts relative to plaintiff's indebtedness and the possession of the Schultz note. Plaintiff wholly defaulted in said garnishee proceedings, and the court in which such garnishee proceeding was pending entered an order reading in part as follows: " * * * It is Ordered, That the said Fred R. Smith, Superintendent of Banks of the State of South Dakota, in charge of the Moody County Bank, of Flandreau, South Dakota, assign and deliver to the plaintiff herein the note of said Herman Schultz in the amount of Three Thousand ($3000) Dollars, described above, upon the payment by said plaintiff to said garnishee, Fred R. Smith, of the amount of the indebtedness owing by said

Manuel H. Kipp to said Moody County Bank, and for which the said note was deposited as collateral security; and that thereupon the said plaintiff herein give credit to the said Manuel H. Kipp upon said execution and upon the judgment of plaintiff herein of the full amount owing on said note, less the amount so paid, or, that the sheriff of Moody County, South Dakota, sell the said note of Herman Schultz, described above, upon execution, in the manner provided for the sale of personal property upon execution, but subject to the rights of said Moody County Bank to said note as above described."

This order was entered on the 23rd day of September, 1927. Thereafter, and on the 1st day of June, 1930, the Schultz note, with the interest thereon, was paid in full to the superintendent of banks; and, from the proceeds thereof, plaintiff's notes were paid in full, marked "paid from collateral," and returned to plaintiff. The amount paid on the Schultz note exceeded the amount due from plaintiff on his notes by $2,961.20, and plaintiff was entitled to credit for this amount on the Flitch judgment.

The circuit court had jurisdiction to make this order. It was not appealed from, nor were its conditions literally carried out, but so long as plaintiff was given credit on the judgment for the excess over the amount necessary to pay his indebtedness to the bank, he was not prejudiced by the failure to follow the directions of the order.

But plaintiff contends that when the defendant, superintendent of banks, came into possession of the Schultz note, he was acting as receiver of the suspended bank, that property in the hands of a receiver is not subject to garnishment without the consent of the court under whose supervision said receiver is acting, and that no rights in or to the Schultz note was acquired by reason of the garnishment proceedings. Whether property in the hands of a receiver is subject to garnishment proceedings need not be determined in this case. While the duties of the superintendent of banks are similar in many respects to the duties of a receiver appointed by a court, the superintendent of banks was not acting by virtue of appointment by the court but by virtue of his office as superintendent of banks. Conceding that defendant was acting as a receiver, and that property in the hands of a receiver is not subject to garnishment without the consent of

the court under whose supervision such receiver is acting, such consent will be implied in this case. The receiver was acting under the supervision of the circuit court of Moody county; the Flitch judgment and the garnishment proceedings were also in that court. Entertaining the garnishment proceedings is sufficient evidence of the court's consent without the making of a formal order to that effect.

Under the above circumstances, plaintiff's equity in the pledged Schultz note was subject to garnishment, and plaintiff was not prejudiced by the conduct of the defendants.

The order appealed from is reversed.

CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.

WARREN P. J., not sitting.